**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, | No.    15-56701 |
| Plaintiff-Appellee, | D.C. No. 2:15-cv-00393-SVW-PJW |
| v. | |
| AMERICAN MEDICAL SYSTEMS, INC., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted December 9, 2016**
Pasadena, California

Before: PREGERSON, NGUYEN, and OWENS, Circuit Judges.

American Medical Systems, Inc. ("AMS") appeals the district court's order

granting Federal Insurance Company ("Federal") summary judgment. The district

court concluded that Federal had no duty to defend AMS because AMS was not

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

insured under the policy issued to Caldera Medical, Inc. ("Caldera"). We have jurisdiction under 28 U.S.C. § 1291 and Federal Rule of Civil Procedure 54(b). Reviewing de novo, *see Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 892 (9th Cir. 2012), we affirm.

Whether a contractual duty to defend applies in a given situation "requires interpretation of the insurance policy." *Alex Robertson Co. v. Imperial Cas. & Indem. Co.*, 10 Cal. Rptr. 2d 165, 167 (Ct. App. 1992). Because AMS is not a party to the insurance contract between Caldera and Federal, whatever rights it has are those of a third party beneficiary. *Garcia v. Truck Ins. Exch.*, 682 P.2d 1100, 1104 (Cal. 1984). The burden is on AMS, the third party seeking performance, to prove that Caldera and Federal, the contracting parties, intended the policy for its benefit. *See id.* at 1104-05.

If possible, the contracting parties' intent should be inferred "solely from the written provisions of the contract." *Crown Capital Sec., L.P. v. Endurance Am. Specialty Ins. Co.*, 186 Cal. Rptr. 3d 1, 5 (Ct. App. 2015). When "clear and explicit," the contractual language governs. *Id.* "Uncertainties in the terms of coverage are resolved in favor of the insured," but "expectations of coverage must be reasonable in light of the plain language of the policy." *Alex Robertson Co.*, 10

2

Cal. Rptr. 2d at 167-68.  In determining whether an insurance policy provides for a defense, courts look to the reasonable coverage expectations of the named insured, "not the reasonable expectations of someone claiming to be an additional insured thereunder." *Wint v. Fid. & Cas. Co.*, 507 P.2d 1383, 1388 (Cal. 1973).

Although it is true that "the carrier must defend a suit which *potentially* seeks damages within the coverage of the policy," *Gray v. Zurich Ins. Co.*, 419 P.2d 168, 176 (Cal. 1966), whether AMS is entitled to a defense under the policy depends, as a preliminary matter, on whether it is entitled to enforce the policy at all. *See Chicken Delight of Cal., Inc. v. State Farm Mut. Auto. Ins. Co.*, 111 Cal. Rptr. 79, 83 (Ct. App. 1973) (concluding that the party seeking coverage "was neither a named nor an additional insured on the . . . policy," making it "unnecessary to consider" application of "the basic rule that the duty to defend arises when the insurer 'ascertains facts which give rise to the potential of liability under the policy'" (citation and ellipsis omitted)); *see also id.* at 92 (Stephens, J., concurring) ("Clearly, one rule to be drawn from *Wint* is that the *Gray* duty to defend does not arise automatically upon the filing of a complaint that alleges facts which, if true, would cause a defendant who was allegedly an unnamed insured to fall within some policy's definition of an additional insured." (footnote omitted));

*cf. Gray*, 419 P.2d at 176 ("[W]e should hardly designate the third party [plaintiff] as the arbiter of the policy's coverage.").

Caldera's insurance policy unambiguously did not cover AMS. Caldera was not a joint venture of which AMS was a member, and AMS was not a "vendor" because it did not sell or distribute Caldera's products. The district court correctly concluded that AMS was not an insured under Caldera's policy without resort to the allegations against AMS in the underlying tort litigation. Consequently, we need not address Federal's alternative ground for summary judgment that AMS fell into the policy exclusion for "organization[s] . . . from whom you have acquired your product."

**AFFIRMED.**